UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL NICE

    Plaintiff,

v.                                                     CASE NO. 8:17-cv-624-T-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff alleges he became disabled on April 1, 2015. (Tr. 30, 46.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on June 6, 2016, at which Plaintiff was represented by an attorney. (Tr. 44-76.) The ALJ found Plaintiff not disabled from April 1, 2015 through July 27, 2016, the date of the decision.[2] (Tr. 27-39.)

Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 7, 9.)

[2] Plaintiff had to establish disability on or before December 31, 2019, his date last insured, in order to be entitled to a period of disability and DIB. (Tr. 30.)

decision is **REVERSED and REMANDED**.

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

**II.    Discussion**

Plaintiff raises two issues on appeal.  First, Plaintiff argues that the ALJ

2

failed to carefully consider Plaintiff's disability rating from the Department of Veterans Affairs ("VA") and the opinions of the VA compensation and pension examiners, Dr. Taylor, Dr. Swan, and Dr. Gorman.  Plaintiff's second argument is that the ALJ erred in concluding that Plaintiff's anxiety and post-traumatic stress disorder ("PTSD") were not severe impairments.

In response to Plaintiff's first argument that the ALJ failed to carefully consider Plaintiff's VA disability rating, Defendant states that there is no official record of a VA rating determination, 70% or otherwise, in the record, even though at the administrative hearing, Plaintiff's attorney agreed to obtain a copy for the record.  Defendant asserts that Plaintiff did not satisfy his burden to produce evidence of a VA rating and the ALJ did not ignore any VA rating.  Further, Defendant argues that the ALJ adequately considered the opinions of the doctors who worked at the VA and referred to those opinions by exhibit number.  Defendant states that the ALJ's references either addressed or were consistent with the opinions of VA Drs. Rozin, Gordon, Pujol, Garner, Jensen, and Pafford, and the ALJ was not required to refer to every piece of evidence in her decision.  Defendant contends that the ALJ committed no error, or at most a harmless error, by not listing all VA doctors by name because the ALJ expressly considered all medical opinions and Plaintiff's medical condition as a whole.  In response to Plaintiff's second argument, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff's anxiety and PTSD were not severe

3

impairments; even if the Court concludes otherwise, any error at step two of the sequential evaluation process would be, at most, harmless, because the ALJ identified at least one severe impairment and proceeded with the functional evaluation.

### A.     The ALJ's Decision

The ALJ found that Plaintiff has severe impairments, including obesity, degenerative joint disease in both knees, status post total left knee replacement, and degenerative disc disease.  (Tr. 32.)  The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to:

> lift and carry up to twenty pounds occasionally and ten pounds frequently; stand/walk for two hours per eight-hour workday; sit for six hours per eight-hour workday; he can only occasionally climb ramps and stairs, kneel and crouch; he can never crawl or climb ladders, ropes or scaffolds; he should avoid concentrated exposure to unprotected heights, dangerous equipment, extreme heat and cold temperatures, humidity and vibrations; [and] he can occasionally balance and stoop.

(Tr. 34.)

As to Plaintiff's disability rating, the ALJ stated:

> I have considered the opinions from the VA about the claimant's limitations and disability rating.  (See[,] e.g., Exhibits 7F, 9F).  Under the regulations, a determination by another governmental agency that the claimant is disabled or limited is not binding on the Social Security Administration, but can be used as evidence of disability (20 CFR 404.1504 . . . and SSR 06-03p).  I note that other agencies follow different rules and standards in determining disability and limitations.  Therefore, only some weight is given to the VA's disability rating and findings about the claimant's limitations.

(Tr. 37.)

Then, after finding that Plaintiff was unable to perform his past relevant work, the ALJ concluded that Plaintiff could perform other jobs existing in significant numbers in the national economy. (Tr. 37-38.)

### B. The Administrative Hearing

At the June 6, 2016 administrative hearing, the following exchange took place between Plaintiff and the ALJ:

> Q    Now are you, are you getting anything from the VA, any income from the VA?
> A    I get $1,400 a month from the VA.
> Q    And is -- what is that for?
> A    Disability.
> Q    Okay. Of what, on what?
> A    The service connected disabilities that I currently have are my right eye, my hypertension, my PTSD and my knees.
> Q    And that, did I see somewhere that that was less than 40%?
> A    Which one, Your Honor?
> Q    You tell me the total.
> A    70%.
> Q    Did they -- 70%?
> A    Yeah.
> Q    Okay. And have you asked for a current, a recent revision?
> A    I put in paperwork to the VA for this most recent surgery so, yes, I have asked for a revision.
> Q    So this one with 70% was as of when?
> A    Sometime last year, springtime, April, May 15th, perhaps.

(Tr. 55.)

Then, the ALJ turned to Plaintiff's counsel:

> ALJ:    Counsel, can you point that to me where it is?
> ATTY:    I might have seen that, but I can't -- it wasn't in the medical other than brief mentions of it several times.

| | |
|---|---|
| CLMT: | I don't think they show that on the VA -- |
| ALJ: | It wasn't in there? |
| ATTY: | Yeah, it's not in it. It's going to be a separate finding. |
| CLMT: | A separate database. |
| ALJ: | Okay. Is there any way to get that, too? |
| ATTY: | Yes, ma'am. |

. . .

| | |
|---|---|
| ALJ: | Okay. I'll ask another question. Would that be a rating? They usually have evaluations and exams with that, right? |
| CLMT: | Yes. |
| ALJ: | How long do you think it would take to get that? |
| CLMT: | I could get it to you by this afternoon. |
| ATTY: | This afternoon, and you can have it tomorrow. |
| ALJ: | Awesome. |
| ATTY: | Because I have four hearings in Tampa. I can't, I won't be back at the office today. |
| ALJ: | Oh, you go from here to Tampa? |
| ATTY: | Uh-huh. |
| CLMT: | And just to clarify, do you need something just stating which ones -- |
| ALJ: | Just the exams they do. |
| CLMT: | The exams and the percentages associated with the disabilities? |
| ALJ: | Yes. |
| CLMT: | I can do that. |
| ALJ: | The rating and, you know, how they do those exams and explain it. |
| CLMT: | Absolutely. |
| ATTY: | Yeah. You'll have that in the next day or two. |
| ALJ: | Okay, great. And you'll know what it is, too. |
| ATTY: | Yes, Your Honor. |
| ALJ: | I mean you're very familiar with that. |
| ATTY: | It's my life. |

(Tr. 55-56, 66-67.)

6

### C. Analysis

The findings of another agency, although not binding on the Commissioner, are entitled to great weight. *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233. 1241 (11th Cir. 1983). According to the Eleventh Circuit, this includes the decisions and disability ratings of the VA. *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 785-86 (11th Cir. 2015). While the Eleventh Circuit does not require the ALJ to quantify numerically the exact weight given to a VA disability determination, the ALJ has a duty to sufficiently explain "the weight accorded to each item of evidence" and the reasons for those decisions to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 2010).

Here, the ALJ stated:

> I have considered the opinions from the VA about the claimant's limitations and disability rating. (See[,] e.g., Exhibits 7F, 9F). Under the regulations, a determination by another governmental agency that the claimant is disabled or limited is not binding on the Social Security Administration, but can be used as evidence of disability (20 CFR 404.1504 . . . and SSR 06-03p). I note that other agencies follow different rules and standards in determining disability and limitations. Therefore, only some weight is given to the VA's disability rating and findings about the claimant's limitations.

(Tr. 37.)

While the ALJ is correct that a disability determination by the VA is not binding on the Commissioner, Eleventh Circuit case law mandates that such a

7

determination be afforded "great weight," unless the Commissioner articulates reasons supported by substantial evidence for discounting it. *See Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) ("'A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight.'") (quoting *Rodriguez v. Schweiker*, 640 F.2 682, 686 (5th Cir. 1981)); *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.") (internal quotation marks and citation omitted); *Bloodsworth*, 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight."); *see also Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) ("In making his own determination of whether [plaintiff] is disabled, however, the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination.") (citing *Rodriguez*, 640 F.2d at 686).

In concluding that the Social Security Administration makes disability determinations based on different criteria than the VA, the ALJ failed to sufficiently scrutinize the VA's determination at issue and explain the reasons for discounting it. *See, e.g., Brown-Gaudet-Evans*, 673 F. App'x at 904 ("It is not disputed that the VA's 'disability' determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore

8

the VA's determination nor give it 'little weight.' Therefore, the ALJ erred."); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) (reversing the decision of the Commissioner and remanding the case, in part, because "[t]he ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law"); *see also Cronin v. Comm'r of Soc. Sec.*, No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 2012) (concluding that the ALJ erred in discounting a VE disability rating "without providing a reasoned basis for disregarding the weight normally given to a VE determination of 60% disability from such disease").

Defendant argues that the ALJ did not err because there is no official record of a VA rating determination, 70% or otherwise, in the record. According to Defendant, the burden was on Plaintiff to produce evidence of a VA rating. The Court disagrees. "Even though the Social Security claimant has the burden of providing medical evidence establishing disability, 'the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues'; this duty exists even when the claimant is represented by counsel." *Mallory v. Comm'r of Soc. Sec.*, Case No: 6:14-cv-1669-Orl-GJK, 2015 WL 8321898, *4 (M.D. Fla. Dec. 9, 2015) (internal citations omitted); *Carbonell v. Comm'r of Soc. Sec.*, No. 6:11-cv-400-Orl-22DAB, 2012 WL 1946070, *5 (M.D. Fla. May 11, 2012), report and recommendation adopted by 2012 WL 1946072 (M.D. Fla. May 30, 2012).

"Where there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings." *Mallory*, 2015 WL 8321898 at *4; *Carbonell*, 2012 WL 1946070 at *5. "Thus, where the record references a VA disability determination, the ALJ has a duty to develop the record, even if the claimant is represented by counsel, and make a reasonable effort to obtain the VA's disability determination." *Mallory*, 2015 WL 8321898 at *4.

Here, the ALJ failed to develop the record with respect to the VA's disability determination. The ALJ was placed on notice, both by Plaintiff's testimony at the administrative hearing and by references in the medical records, that Plaintiff received a 70% disability rating from the VA. "Prior to determining the weight of the VA's disability rating, the ALJ had a duty to develop the record and obtain the necessary documents from the VA." *Brown v. Comm'r of Soc. Sec.*, Case No: 2:16-cv-564-FtM-CM, 2017 WL 4277538, *5 (M.D. Fla. Sept. 27, 2017). The ALJ could have done this by either following up with Plaintiff's counsel or obtaining the records on her own before rendering a decision.[3] Because the ALJ failed to do so, on remand, the Commissioner shall include the disability rating decision in the administrative record and closely scrutinize it. *See id.* ("The Court finds that the ALJ failed this duty by according little weight to the VA's decision without first

---

[3] Of note, Plaintiff testified at the hearing that he applied for a revision of his disability rating in light of his most recent surgery. (Tr. 55.) The ALJ did not follow up on this either, and did not seem to consider it in the decision.

obtaining and then considering the records that relate to Plaintiff's disability rating.").

In light of this conclusion, the Court need not address Plaintiff's remaining arguments, because, on remand, the ALJ will have to reassess the entire record. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand, the ALJ must reassess the entire record); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). However, the Court notes that as to Plaintiff's argument that the ALJ failed to consider the opinions of Drs. Taylor, Swan, and Gorman, Defendant's brief provides reasons why the ALJ adequately considered the opinions of the doctors who worked at the VA. While such reasons may exist, the Court cannot affirm simply because some rationale might have supported the ALJ's conclusion. *See Owens v. Heckler*, 748 F. 2d 1511, 1516 (11 Cir. 1984) ("We decline . . . to affirm simply because some rationale might have supported the ALJ's conclusion.").

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) obtain and closely scrutinize the records from the VA that relate to Plaintiff's disability rating, consider these records in conjunction with all of Plaintiff's medical

records, and explain the weight given to such evidence and the reasons therefor; (b) reconsider the opinions of the VA doctors, including Drs. Taylor, Swan, and Gorman, explain what weight they are being accorded, and the reasons therefor; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on February 12, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record